UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH ZLOZA,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>BRANDON SOMETHING, et al.,<br><br>　　　　　　Defendants. | CASE NO. C23-5532JLR<br><br>ORDER |

Before the court are (1) *pro se* Plaintiff Joseph Zloza's complaint against Defendants "Brandon Something" and West Coast Training (together, "Defendants") (Compl. (Dkt. # 7)) and (2) Magistrate Judge David W. Christel's order granting Mr. Zloza's application for leave to proceed *in forma pauperis* ("IFP") and recommending that the court review Mr. Zloza's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (IFP Order (Dkt. # 6)).  Under 28 U.S.C. § 1915(e)(2), district courts have authority to review IFP complaints and must dismiss them if "at any time" it is determined that a complaint fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2); *see also id.*

ORDER - 1

§ 1915A(b)(1); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings, not just those filed by prisoners). The court has reviewed Mr. Zloza's complaint and concludes that the allegations therein fail to state a claim upon which relief can be granted. Accordingly, the court DISMISSES Mr. Zloza's complaint without prejudice and with leave to amend.

Mr. Zloza brings this action against West Coast Training and "Brandon Something," a "helper/instructor" whom Mr. Zloza suspects was either "undercover police?" or a "dirty Federal Agent?" (Compl. at 2-3.) Mr. Zloza alleges that Brandon spat on his face while he was attending training at West Coast Training, giving him post-traumatic stress disorder and anxiety. (*Id.* at 5.) He further alleges that this court has federal question subject matter jurisdiction over his claims based on his suspicion that Brandon was a "dirty Federal Agent." (*Id.* at 3.)

Because Mr. Zloza is a *pro se* plaintiff, the court must construe his pleadings liberally. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). Nonetheless, his complaint must still contain factual allegations "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (requiring the plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see* Fed. R. Civ. P. 8(a) (requiring a pleading to "contain . . . a short and plain

statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief").

At the outset, the court concludes that Mr. Zloza has not plausibly alleged facts that support the court's subject matter jurisdiction over this matter. Although Mr. Zloza asserts that this court has federal question jurisdiction over his claim (*see* Compl. at 3), he makes no allegations that would allow the court to conclude that his claim "aris[es] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. To the contrary, Mr. Zloza merely speculates that Brandon might be "a dirty Federal Agent." (Compl. at 3.) This speculation, without more, does not provide sufficient grounds for this court to exercise its jurisdiction over this action. *See Twombly*, 550 U.S. at 555 (requiring the plaintiff to plead facts sufficient "to raise a right to relief above the speculative level"). In addition, Mr. Zloza does not allege sufficient facts, such as the date and place where Brandon allegedly spat at him, to give Defendants "fair notice of what [Mr. Zloza's] claim is and the grounds upon which it rests." *Pac. Coast Fed'n of Fishermen's Ass'ns v. Glaser*, 945 F.3d 1076, 1086 (9th Cir. 2019). Finally, Mr. Zloza makes no allegations at all regarding the basis for West Coast Training's liability in this matter. Accordingly, the court DISMISSES Mr. Zloza's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

When a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). In light of the Ninth Circuit's liberal policy favoring amendment, the court GRANTS Mr. Zloza leave

1 to file an amended complaint. If he does so, he must include short, plain statements
2 setting forth: (1) the specific basis of the court's jurisdiction; (2) if he continues to assert
3 federal question jurisdiction, the constitutional or statutory provision under which his
4 claim arises; (3) the name of the defendant or defendants who violated that provision;
5 (4) exactly what that defendant did or failed to do and when that conduct occurred;
6 (5) how the defendant's action or actions are connected to the violation of his rights; and
7 (6) the specific injury he suffered as a result of that defendant's conduct and when he
8 suffered it. Mr. Zloza shall file his amended complaint, if any, no later than **July 24,**
9 **2023**. If Mr. Zloza fails to timely comply with this order or fails to file an amended
10 complaint that remedies the deficiencies discussed in this order, the court will dismiss his
11 complaint without leave to amend.

12        Dated this 2nd day of July, 2023.

                                      _____
                                      JAMES L. ROBART
                                      United States District Judge

ORDER - 4