1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
8                                    AT SEATTLE

9

10      JOSEPH ZLOZA,                              CASE NO. C23-5532JLR

11                         Plaintiff,              ORDER DISMISSING CASE

                    v.
12

        BRANDON SOMETHING, et al.,
13

                           Defendants.
14

15          Before the court is *pro se* Plaintiff Joseph Zloza's amended complaint against

16   Defendants "Brandon Something" and West Coast Training.  (Am. Compl. (Dkt. # 9).)

17   On July 2, 2023, the court dismissed Mr. Zloza's original complaint with leave to amend

18   pursuant to 28 U.S.C. § 1915(e)(2)(B).  (7/2/23 Order (Dkt. # 8).)  In that order, the court

19   concluded that (1) Mr. Zloza's speculative allegation that Brandon might be a "dirty

20   Federal Agent?" was insufficient to establish federal question subject matter jurisdiction

21   over this case (*id.* at 3 (quoting Compl. (Dkt. # 7) at 3)) and (2) Mr. Zloza did not allege

22   sufficient facts, such as the date and place where Brandon allegedly spat at him, to give

ORDER - 1

1 Defendants "fair notice of what [Mr. Zloza's] claim is and the grounds upon which it

2 rests" (*id.* (quoting *Pac. Coast Fed'n of Fishermen's Ass'ns v. Glaser*, 945 F.3d 1076,

3 1086 (9th Cir. 2019))).  The court instructed Mr. Zloza that his amended complaint, if

4 any,

5      must include short, plain statements setting forth:  (1) the specific basis of
the court's jurisdiction; (2) if he continues to assert federal question
6      jurisdiction, the constitutional or statutory provision under which his claim
arises; (3) the name of the defendant or defendants who violated that
7      provision; (4) exactly what that defendant did or failed to do and when that
conduct occurred; (5) how the defendant's action or actions are connected to
8      the violation of his rights; and (6) the specific injury he suffered as a result
of that defendant's conduct and when he suffered it.

9 (*Id.* at 4.)  The court warned Mr. Zloza that if he failed to file an amended complaint that

10 remedied the deficiencies identified in its order, it would dismiss this matter without

11 leave to amend.  (*Id.*)

12      Mr. Zloza timely filed an amended complaint in which he provides brief answers

13 to the questions listed above.  (*See* Am. Compl.)  Notably, Mr. Zloza (1) still does not

14 specify the constitutional or statutory provision under which he alleges his claim arose

15 and (2) alleges that Brandon spat on his face on June 1, 2020.  (*Id.*)

16      Under 28 U.S.C. § 1915(e)(2), district courts have authority to review IFP

17 complaints and must dismiss them if "at any time" it is determined that a complaint fails

18 to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2); *see also id.*

19 § 1915A(b)(1); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that

20 § 1915(e) applies to all IFP proceedings, not just those filed by prisoners).  Because Mr.

21 Zloza is a *pro se* plaintiff, the court must construe his pleadings liberally.  *See McGuckin*

22

ORDER - 2

1    *v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).  Nonetheless, his complaint must still

2    contain factual allegations "enough to raise a right to relief above the speculative level."

3    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)

4    (requiring a pleading to "contain . . . a short and plain statement of the grounds for the

5    court's jurisdiction," and "a short and plain statement of the claim showing that the

6    pleader is entitled to relief").

7           The court concludes that Mr. Zloza still has not plausibly alleged facts that would

8    allow the court to conclude that his claim "aris[es] under the Constitution, laws, or

9    treaties of the United States" as required to support federal question subject matter

10    jurisdiction over his claim.  28 U.S.C. § 1331; (*see* Am. Compl.).  In addition, although

11    Mr. Zloza alleges that his encounter with Brandon took place on June 1, 2020, he did not

12    file his proposed complaint until June 12, 2023.  (*See* Prop. Compl. (Dkt. # 1).)  Thus, his

13    claim is barred by the two-year statute of limitations that applies to battery claims.

14    *Kumar v. Gate Gourmet, Inc.*, 325 P.3d 193, 204 (Wash. 2014) (stating that a battery is

15    an intentional and unpermitted bodily contact with another person); RCW 4.16.100(1)

16    (setting a two-year statute of limitations for actions for "libel, slander, assault, assault and

17    battery, or false imprisonment").  For these reasons, the court DISMISSES Mr. Zloza's

18    amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

19           When a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff

20    leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in

21    the complaint.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  Here, Mr.

22    Zloza has already had an opportunity to remedy the deficiencies identified in the court's

1  July 2, 2023 order, but has failed to do so.  (*See* Am. Compl.; 7/2/23 Order at 3-4.)

2  Therefore, the court concludes that further amendment would be futile and DISMISSES

3  Mr. Zloza's amended complaint with prejudice and without further leave to amend.

4          Dated this 19th day of July, 2023.

5

6

7  JAMES L. ROBART
   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 4