1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    JOSEPH ZLOZA,                                    CASE NO. C23-5532JLR

11                          Plaintiff,                 ORDER

12            v.

13    BRANDON SOMETHING, et al.,

14                          Defendants.

15        Before the court is Plaintiff Joseph Zloza's motion to reopen this matter.  (Mot.

16  (Dkt. # 14).)  The court DENIES the motion.

17        On July 2, 2023, the court dismissed Mr. Zloza's original complaint with leave to

18  amend pursuant to 28 U.S.C. § 1915(e)(2)(B).  (7/2/23 Order (Dkt. # 8).)  The court

19  concluded that (1) Mr. Zloza's speculative allegation that Defendant "Brandon

20  Something" ("Brandon") might be a "dirty Federal Agent" was insufficient to establish

21  federal question subject matter jurisdiction over this case (*id.* at 3 (quoting Compl. (Dkt.

22  # 7) at 3)) and (2) Mr. Zloza did not allege sufficient facts, such as the date and place

ORDER - 1

1   where Brandon allegedly spat at him, to give Defendants "fair notice of what [Mr.

2   Zloza's] claim is and the grounds upon which it rests." (*Id.* (quoting *Pac. Coast Fed'n of*

3   *Fishermen's Ass'ns v. Glaser*, 945 F.3d 1076, 1086 (9th Cir. 2019))).  Mr. Zloza timely

4   filed an amended complaint, but that complaint (1) still did not specify the constitutional

5   or statutory provision on which he based his claim and (2) alleged that Brandon spat on

6   him on June 1, 2020.  (*See* Am. Compl. (Dkt. # 9).)

7          On July 19, 2023, the court dismissed Mr. Zloza's amended complaint pursuant to

8   28 U.S.C. § 1915(e)(2) and entered judgment.  (7/19/23 Order (Dkt. # 10); Judgment

9   (Dkt. # 11).)  The court concluded that Mr. Zloza still had not plausibly alleged facts that

10  would allow the court to conclude that his claim "aris[es] under the Constitution, laws, or

11  treaties of the United States" as required to support federal question subject matter

12  jurisdiction over his claim.  (7/19/23 Order at 3 (quoting 28 U.S.C. § 1331).)  The court

13  also found that the claim was untimely because Mr. Zloza filed the complaint more than

14  three years after his encounter with Brandon.  (*Id.* (citing Prop. Compl. (Dkt. # 1)); *see*

15  RCW 4.16.100(1) (setting a two-year statute of limitations for actions for "libel, slander,

16  assault, assault and battery, or false imprisonment").)

17         Federal Rule of Civil Procedure 60(b) grants district courts discretion to relieve a

18  party from a judgment or order only where the party demonstrates:  (1) mistake,

19  inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due

20  diligence could not have been discovered before the court's decision; (3) fraud by the

21  adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any

22  other reason justifying relief.  "A motion under Rule 60(b) must be made within a

1    reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of

2    the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

3          Here, Mr. Zloza asserts that the court should reopen this case because he "had

4    major brain damage." (Mot. at 1.)  Because more than one year has elapsed since the

5    court entered judgment in this case, the court interprets Mr. Zloza's motion to reopen as a

6    motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6),

7    Rule 60's "catch-all" provision.  *See Marroquin v. City of Los Angeles*, 112 F.4th 1204,

8    1217 (9th Cir. 2024).  "[R]elief under Rule 60(b)(6) is reserved for 'extraordinary

9    circumstances[.]'"  *Id.* (quoting *Martinez v. Shinn*, 33 F.4th 1254, 1262 (9th Cir. 2022)

10   (per curiam).  "'Extraordinary circumstances occur where there are "other compelling

11   reasons" for opening the judgment' that prevented the movant from raising the basis of

12   the motion during the pendency of the case." *Martinez*, 33 F.4th at 1262 (quoting *Bynoe*

13   *v. Baca*, 966 F.3d 972, 979, 983 (9th Cir. 2020)).  The court concludes that Mr. Zloza's

14   brain damage may, depending on the circumstances, provide "compelling reasons" to

15   reopen this matter.  *See id.*

16         Accordingly, the court ORDERS Mr. Zloza to file, by no later than **October 17,**

17   **2024**, a document responding to the following:

18         **A.**    Mr. Zloza shall provide additional details about how his brain damage

19   provides a basis for his motion to reopen.  This filing shall inform the court (1) when and

20   where Mr. Zloza suffered his brain damage; (2) the circumstances under which he

21   suffered the brain damage; (3) the effect the brain damage had on Mr. Zloza's ability to

22

1    proceed with this lawsuit; and (4) whether the brain damage was the result of conduct by

2    any of the Defendants in this case.

3        **B.**    Because the court previously found that it lacked subject matter jurisdiction

4    over this case (*see generally* 7/19/23 Order), Mr. Zloza shall also provide the following

5    information:  (1) the specific basis of  the court's jurisdiction over this matter; (2) if Mr.

6    Zloza continues to assert federal question jurisdiction, the constitutional or statutory

7    provision under which his claim arises; (3) the name of the Defendant or Defendants who

8    violated that provision; (4) exactly what that Defendant did or failed to do and when that

9    conduct occurred; (5) how the Defendant's action or actions are connected to the

10   violation of Mr. Zloza's rights; and (6) the specific injury Mr. Zloza suffered as result of

11   that Defendant's conduct and when he suffered it.  (*See* 7/2/23 Order at 4.)

12       Failure to timely file a response to this order that addresses the foregoing

13   questions will result in the denial of the motion to reopen.  The Clerk is DIRECTED to

14   re-note Mr. Zloza's motion to reopen for October 17, 2024.

15       Dated this 23rd day of September, 2024.

16

17

18   JAMES L. ROBART
     United States District Judge

19

20

21

22

ORDER - 4